1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  GREGORY SLEETH,                                    CASE   NO.   1:11-cv-1961-LJO-MJS   (PC)

10                      Plaintiff,
                                                      ORDER TO SHOW CAUSE WHY CASE
11           v.                                       SHOULD NOT BE DISMISSED FOR
                                                      FAILURE TO COMPLY WITH COURT
12  M. DEAN, et al.,                                  ORDER AND FAILURE TO STATE A
                                                      CLAIM
13
                        Defendants.                   (ECF No. 10)
14
                                                      AMENDED COMPLAINT DUE WITHIN
15                                                    FOURTEEN DAYS
                                                  /
16

17       Plaintiff Gregory Sleeth ("Plaintiff") is a state prisoner proceeding pro se in this civil

18  rights action pursuant to 42 U.S.C. § 1983.

19       The Court screened Plaintiff's Complaint on May 22, 2012, and found that it failed

20  to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint

21  on or before June 22, 2012.  (ECF No. 10.)  Plaintiff filed a motion for an extension of time

22  on June 8, 2012 (ECF No. 11), which the Court granted (ECF No. 12).  Plaintiff was to file

23  his amended complaint by July 11, 2012.  (ECF No. 12.)  July 11, 2012, has passed

24  without Plaintiff having filed an amended complaint or a request for an extension of time

25  to do so.

26        Local Rule 110 provides that "failure of counsel or of a party to comply with these

27  Rules or with any order of the Court may be grounds for imposition by the Court of any and

28  all sanctions . . . within the inherent power of the Court."  District courts have the inherent

1   power to control their dockets and "in the exercise of that power, they may impose

2   sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

3   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's

4   failure to prosecute an action, failure to obey a court order, or failure to comply with local

5   rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

6   noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

7   (dismissal for failure to comply with an order requiring amendment of complaint);

8   Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

9   prosecution and failure to comply with local rules).

10      Plaintiff has not adequately responded to the Court's May 22, 2012, Order.  He will

11   be given one more opportunity, from **fourteen (14) days** of entry of this Order, **and no**

12   **later**, to file an amended complaint or show cause why his case should not be dismissed

13   for failure to comply with a court order and failure to state a claim.  **Failure to meet this**

14   **deadline will result in dismissal of this action.**

18   IT IS SO ORDERED.

19   Dated:   August 20, 2012        /s/ *Michael J. Seng*

20                                  UNITED STATES MAGISTRATE JUDGE